IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAMEL ABDUL BEY | Criminal No. 2:26-cr-204 |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A two-count information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine.<br><br>Beginning in and around 2023 and continuing to on or about February 4, 2026 | 21 U.S.C. § 846 |
| 2 | Possession with intent to distribute 500 grams or more of cocaine.<br><br>February 4, 2026 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) |

## II. ELEMENTS OF THE OFFENSES

**A. As to Count 1:**

In order for the crime of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and/or possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That cocaine is a Schedule II controlled substance under federal law.

5. In order to subject the defendant to the penalties set forth in 21 U.S.C. § 841(b)(1)(A)(ii), the government must also prove beyond a reasonable doubt that the amount of cocaine attributable to the defendant as a result of the defendant's conduct and the conduct of conspirators reasonably foreseeable to the defendant was 5 kilograms or more.

**B. As to Count 2:**

In order for the crime of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Information.

2. That the defendant did so knowingly and intentionally.

3. That cocaine is a Schedule II controlled substance.

4. In order to subject the defendant to the penalties set forth in 21 U.S.C. § 841(b)(1)(B)(ii), the government must also prove beyond a reasonable doubt that the mixture or substance the defendant possessed contained a detectable amount of cocaine weighing 500 grams or more.

## III. PENALTIES

**A. As to Count 1: Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2. A fine not to exceed $20,000,000.

3. A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of at least 25 years to a maximum of life.

2. A fine not to exceed $20,000,000.

**B. As to Count 2: Possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of

forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/Jerome A. Moschetta*
JEROME A. MOSCHETTA
Assistant U.S. Attorney
PA ID No. 203965